## ERIE R. CO. v. DIDSBURY.

### No. 4437.

Circuit Court of Appeals, Third Circuit.
Dec. 21, 1931.

Hobart & Minard, of Newark, N. J. (Ralph E. Cooper and George S. Hobart, both of Newark, N. J., of counsel), for appellant.

John A. Hartpence, of Jersey City, N. J., and Abram A. Lebson, of Englewood, N. J. (Thomas G. Haight, of Jersey City, N. J., of counsel), for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and WATSON, District Judge.

PER CURIAM.

In the court below Richard W. Didsbury brought suit and recovered a verdict against the Erie Railroad Company for damages sustained by him when an engine struck the automobile which he was driving over a crossing of the railroad. On entry of judgment, the railroad took this appeal.

Two questions are raised: One, whether there was sufficient evidence of the railroad's negligence to send the case to the jury; and, the other, whether the trial judge should have, as a matter of law, instructed the jury that the plaintiff was guilty of contributory negligence.

We have carefully studied the proofs in this case and find there was a sharp conflict of testimony on both questions. Without alluding in detail, it suffices to refer to some of the pertinent facts. The plaintiff was familiar with this crossing, as he was accustomed to go over it to his work early in the morning. There were no regular trains at this hour. The one that struck him was an extra engine running light. The proofs show that the engine did not have a light, did not blow its whistle or ring its bell. There is also proof tending to show that the notice on the gate giving the hours when the gate was out of service was practically illegible, with proof tending to show that as the plaintiff approached the crossing he heard no noise of an approaching train, saw no light, and that he stopped before crossing.

Under the sharply contested evidence and the relations of the elements of alleged negligence on the railroad's part and plaintiff's alleged contributory negligence, we think the trial judge would have been in error had he himself determined the question of negligence or contributory negligence and so instructed the jury.

Without entering into detail, the judgment below is affirmed.